IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

ROBERT E. NIX,

          CAUSE NO. CV 08-72-M-DWM-JCL

    Plaintiff,

          ORDER, and
  vs.         FINDINGS AND RECOMMENDATION
          OF U.S. MAGISTRATE JUDGE

POVERELLO CENTER,

    Defendants.
_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff Robert Nix has filed a Complaint together with a request to proceed *in forma pauperis*. Nix submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears Plaintiff lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file the Complaint as of the filing date of Plaintiff's request to proceed *in forma pauperis.*

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Plaintiff's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Nix filed his Complaint on May 22, 2008, alleging the Defendant Poverello Center improperly refused to provide him with a free meal. Nix alleges that unlike any other free dining facility with which he apparently is familiar, the Poverello Center requires individuals to place their belongings in an unsecured area while they are at the facility to receive a free meal. Nix states that on May 22, 2008, he refused to relinquish is personal belongings to be stored in an unsecured area at the Poverello Center and, consequently, the center refused to provide

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

him with a meal.  Accordingly, Nix filed this lawsuit against the Poverello Center asserting he has a right to a free meal, and that the Poverello Center is obligated to provided a secured storage area for his personal belongings.

### III.  DISCUSSION

Because the Plaintiff is proceeding *pro se* the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Plaintiff's Complaint must set forth sufficient allegations to invoke the jurisdiction of this Court.  Fed. R. Civ. P. 8(a)(1).

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted).  Plaintiff bears the burden of proof for establishing jurisdiction.  *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).  A district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship, 28 U.S.C. § 1332, a federal question, 28 U.S.C. § 1331, or cases in which the U.S. is a party, 28 U.S.C. §§ 1345 and 1346.

The Court finds there is no basis for federal question jurisdiction over this case under 28 U.S.C. § 1331.  It appears from Nix's Complaint that he simply seeks to obtain a free meal, gratuitously offered by the Poverello Center, without having to comply with its rules regarding a patron's storage of personal belongings.  There exists no federal law which would support Nix's claim and, therefore, there is no basis for federal question jurisdiction over this action.

The Court also finds diversity of citizenship jurisdiction does not exist in this case.  Although Nix's Complaint does not identify his state of citizenship, even assuming, without deciding, that Nix and the Poverello Center are citizens of different states, 28 U.S.C. § 1332 also requires that the amount

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 4

in controversy in this case must exceed $75,000.00.  "Generally, the amount in controversy is determined from the face of the pleadings[,]" as long as the sum claimed by the plaintiff is made in good faith.  *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).  If it appears to the Court to a legal certainty that the amount of the claim is really less than the jurisdictional amount, then the Court has authority to dismiss the case for lack of jurisdiction.  *Id*.  See also *Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004).

Again, by this action Nix seeks only to obtain free meals without having to store his personal belongings in an unsecured location at the Poverello Center.  Nix requests only equitable or injunctive relief, and he does not request any monetary compensation.  Therefore, Nix's Complaint does not set forth "a short and plain statement of the claim showing that the [Plaintiff] is entitled" to relief in excess of $75,000 as required by Fed. R. Civ. P. 8(a)(2) and 28 U.S.C. § 1332.  Therefore, the Court concludes it is apparent, to a legal certainty, that Nix's claim for relief is really less than the requisite jurisdictional amount.

Nix's Complaint does not provide any other basis for federal jurisdiction over this action.  Therefore, based on the foregoing, the Court hereby enters the following:

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 5

**RECOMMENDATION**

Plaintiff's Complaint should be **DISMISSED** for lack of jurisdiction.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this   24th   day of June, 2008.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 6