

FILED

AUG 0 1 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ROBERT E. NIX, | ) | CV 08-72-M-DWM-JCL |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| POVERELLO CENTER, | ) | |
| Defendant. | ) | |

Plaintiff Nix has filed a Complaint under 42 U.S.C. § 1983 seeking injunctive relief requiring the Poverello Center to provide him a secure place to store his belongings while he eats a free meal at the facility. Nix complains that the Poverello Center's policy of requiring patrons to leave their belongings in an unsecured area while dining forces him to either leave his possessions at risk or forego what he characterizes as his right to a free meal.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. §

1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice for lack of jurisdiction. Judge Lynch explained that there is no federal law or statute guaranteeing a free meal to the Plaintiff. The Magistrate also notes that there is no allegation that the parties are diverse for purposes of 28 U.S.C. § 1332, and that the Complaint does not plead an amount in controversy of $75,000 or more, as required by that statute. Because Plaintiff seeks only injunctive relief requiring the Poverello Center to serve him a free meal, Judge Lynch determined that it is not necessary to grant leave to amend the Complaint because such amendment would be futile.

Plaintiff Nix did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." <u>United States v. Syrax</u>, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Lynch's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED for lack of jurisdiction.

DATED this 1st day of August, 2008.

Donald W. Molloy, District Judge
United States District Court